UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ROLAND CENAC,<br>                         Plaintiff | \*<br>\*<br>\* CIVIL NO. |
| V. | \*<br>\* |
| DEPARTMENT OF MENTAL HEALTH<br>AND ADDICTION SERVICES FOR<br>THE STATE OF CONNECTICUT<br>                         Defendants | \*<br>\*<br>\*<br>\* APRIL 25, 2017 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

FIRST COUNT:

1.      This is an action for money damages to redress the deprivation by the defendant, through its agents, servants and/or employees, of the rights secured to the plaintiff by the Constitution and laws of the United States, as well as those of the state of Connecticut.  Defendant, through its agents, servants and/or employees, were responsible for violating plaintiff's federal and state statutory rights, and thereby improperly deprived him the freedom and liberty afforded to all citizens of this state and country, without any cause, justification or excuse.

2.      Jurisdiction in this court is invoked under the provisions of the Judicial Code at 28 U.S.C. Sections 1331 and 1343, the Civil Rights Acts of 1964 and 1991,  Title VII thereof and Article I, Section 1 and 10 of the Connecticut Constitution which confers pendent jurisdiction upon this Court with respect to any cause of action under state law.

2

3.      During all times mentioned herein, the plaintiff, Roland Cenac ("plaintiff" or "Cenac"), was a citizen of the United States, residing within the state of Connecticut, county of Middlesex, city of Middletown. The plaintiff's national origin is St. Lucian, his race is African American and his color is black.

4.      At all times mentioned herein, the defendant, State of Connecticut, Department of Mental Health and Addiction Services (the "defendant" or "DMHAS") is an agency which has a stated mission of providing mental health and drug related therapy treatment to the citizens of the state of Connecticut. The defendant employs well over 500 persons within the state of Connecticut.

5.      Plaintiff was an employee of DMHAS as a Mental Health Assistant 1 and had worked for the defendant for approximately eight (8) years.

6.      On or about April 6, 2015, plaintiff was working overtime at Battell 3 North. At that time, there was a patient who was under strict observation for unprovoked violence; she had an extended history of violence and aggression during her time at the hospital, as well as prior to her admission. The patient was designated as having to remain "in line of sight" at all times.

7.      The patient was watching television and suddenly bolted from the room and ran straight to the Ladies' bathroom. As plaintiff's job was to keep the patient in his line of sight at all times, he followed her into the bathroom, where he found her in a stall without her shoes on.

8.      Suddenly and without any warning whatsoever and completely unprovoked, the patient lunged at the plaintiff, hitting him with her fists and shoes. The plaintiff blocked being assaulted by the patient's shoes with his hand.

3

In the midst of her violent attack upon the plaintiff, the patient lost her balance, slipped and fell down hitting her face on the toilet seat.

9.     The plaintiff immediately reported the incident and wrote an accident report which is standard protocol when an incident with a patient occurs.

10.     Although there were nine (9) staff members working on this shift, ostensibly, none of them witnessed the aforedescribed incident.

11.     Another patient within DHMAS, who was present at the time of the incident, falsely claimed that the plaintiff kicked the patient in the face, rather than the patient falling and hitting her face on the toilet and injuring herself.

12.     Significantly, the patient who attacked the plaintiff initially and repeatedly *admitted* that he *had not* assaulted her.

13.     As a result of the foregoing incident, and the defendant's subsequent investigation, the plaintiff was discriminatorily and wrongfully terminated from his employment with the defendant on or about August 7, 2015.

14.     At the time of his employment with DHMAS, the plaintiff was the only employee whose national origin was St. Lucian who worked at the Connecticut Valley Hospital location. No other employee has been treated in the same harassive, discriminatory and disparate manner as was the plaintiff.

15.     The plaintiff has repeatedly noticed and/or experienced a pattern and practice of discrimination within the workplace, perpetrated by the agents, servants and/or employees of the defendant.

4

16.     But for the plaintiff's national origin, race and color, he would not have been treated in the harassive, disparate and discriminatory manner as aforedescribed.

17.     On or about May 31, 2016, a Complaint Affidavit was filed with the Equal Employment Opportunities Commission, ("EEOC") alleging discrimination by the defendant due to the plaintiff's national origin which is St. Lucian, his race which is African-American and his color which is black.

18.     A release of jurisdiction letter was issued by the EEOC on January 23, 2017, giving plaintiff the right to commence the instant action. See Exhibit A attached.

19.     The acts of the defendant, through its agents, servants, and/or employees, in treating the plaintiff as aforedescribed was due, in substantial part, to his national origin, as well as his race and/or color, and constituted blatant and pernicious discrimination and disparate treatment on the part of the defendant, through its agents, servants and/or employees, in violation of 42 U.S.C. §2000e (Title VII).


COUNT TWO:   [WRONGFUL TERMINATION]

1-18.   Paragraphs 1 through 18 of the First Count are hereby incorporated by reference and made Paragraphs 1 through 18 of the Second Count, as if fully set forth herein.

19.     During plaintiff's tenure at DMHAS, there have been other similarly situated employees who have been accused of abusing and/or assaulting

5

patients but, instead of them being terminated like the plaintiff, they were transferred, and/or disciplined, but ultimately they did not lose their jobs with the defendant.

20.     A similarly situated employee of the defendant, who happened to be Caucasian of race and white of color, namely, Jason DeMarco, who was a Mental Health Assistant working in the General Psychiatric Ward, who fractured a patient's skull in or about 2008 was nonetheless, able to keep his job with the defendant.

21.     In another situation in 2009 where a Head Agent, namely Mario Santiago, who worked at Whiting Forensic, was accused of patient abuse, he was transferred to Geriatrics.  Amazingly, Mr. Santiago was again investigated for patient abuse within his new unit, and yet was subsequently allowed to transfer again.

22.     However, in this case, following a biased investigation and despite the fact that the patient involved repeatedly and consistently indicated that plaintiff did not  assault her, plaintiff was wrongfully terminated from his employment with the defendant.

23.     The acts of the defendant in terminating the defendant violated public policy as it deprived plaintiff of his equal protection rights as guaranteed by the Connecticut State Constitution, Article First, Section 1, and, as such, constituted wrongful termination.

6

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

a.     Compensatory damages in the amount of no less than One Million Dollars ($1,000,000.00);

b.     Attorney's fees and the reimbursement of costs of the instant action; and

c.     Reimbursement of back wages and re-establishment of any and all employee benefits to which plaintiff would otherwise have been entitled had he not been wrongfully terminated; and

d.     Such other relief as this court shall consider to be just, fair and equitable.

PLAINTIFF, ROLAND CENAC

BY:___/s/_____
          Law Office of
          W. Martyn Philpot, Jr., LLC
          409 Orange Street
          New Haven, CT  06511-6406
          Tel. No. (203) 624-4666
          Federal No. ct05747
          His Attorneys

The plaintiff hereby requests a trial by jury.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Roland Cenac<br>33 Russell St<br>Middletown, CT 06457 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2016-00789 | Luis E. Olivares,<br>Investigator | (617) 565-3206 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Feng K. An,
**Area Office Director**

JAN 2 3 2017

*(Date Mailed)*

cc:

**SATE OF CT.DEPT OF MENTAL HEALTH & ADDICTION
410 Capital Ave.
P.O. Box 341431
Hartford, CT 06134**

EXHIBIT

tabbies®

A